UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No.: 8:11-cr-466-RAL-JSS

MANUEL JULIO CARDALES
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

THIS MATTER is before the Court on Defendant Manuel Julio Cardales' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 127) and the Government's Response in Opposition (Dkt. 129). The presiding District Judge referred this matter to the undersigned for a report and recommendation. (Dkt. 133.) Upon consideration and for the reasons stated below, the undersigned recommends denial of Defendant's Motion.

Defendant was indicted in this matter on September 7, 2011 (Dkt. 1) and pled guilty to conspiring to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Dkt. 35.) Defendant was sentenced to a term of imprisonment of one hundred forty-four months. (Dkt. 50.) The Court reduced Defendant's sentence upon his request (Dkt. 114) to one hundred and thirty-five months of imprisonment. (Dkt. 117.)

In the Motion, Defendant seeks compassionate release from incarceration on the grounds that he suffers from hypertension, diabetes, high cholesterol, and Parkinson's Disease. (Dkt. 127.) He also explained that his pre-existing health

conditions pose a high risk of a negative outcome if he is exposed to COVID-19 while incarcerated. (Id.) Further, Defendant notes that he has served almost 72% of his sentence of incarceration and upon completion of his sentence he will be deported to his home in Columbia. (Id.) As a result, Defendant maintains that his release would not pose a danger to the community and compassionate release is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides that the court may reduce a term of imprisonment after considering the factors provided in Section 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has not provided extraordinary and compelling reasons warranting compassionate release. Defendant has not provided documentation demonstrating that he is unable to provide self-care in the prison environment or that his medical conditions constitute a terminal illness. Defendant's medical records reflect that Defendant is receiving care and treatment for his conditions. Additionally, Defendant's living conditions have been modified in light of his Parkinson's Disease. (Dkt. 129-1.) Further, Defendant rejected the special diet recommended for his hypertension, diabetes, and high cholesterol. (Id.) Although Defendant has shown that he suffers from medical conditions, the conditions do not constitute extraordinary and compelling reasons as provided in Section 3582(c)(1)(A). *See United States v. Alphonso*, No. 20-11998, 2021 WL 1574051 (11th Cir. Apr. 22, 2021) (palatal perforation, sleep apnea, upper respiratory issues and risk of COVID-19

complications did not warrant compassionate release); *United States v. Jackson*, No. 20-12748, 2021 WL 1400937 (11th Cir. Apr. 14, 2021) (hypertension, high cholesterol, sinus and allergy problems, heart disease, and risk of COVID-19 complications did not warrant compassionate release); *United States v. Cochran*, No. 20-13756, 2021 WL 1574018 (11th Cir. Apr. 22, 2021) (respiratory issues and risk of COVID-19 complications did not warrant compassionate release).

The factors provided in 18 U.S.C. § 3553(a) also weigh against compassionate release. In this case, when the Coast Guard encountered Defendant near Panama in international waters of the Caribbean Sea, the Coast Guard discovered approximately fifty-two bales of cocaine totaling over 1000 kilograms in Defendant's vessel. (Dkt. 28.) As a result, Defendant pled guilty and was convicted for conspiring to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Defendant is currently serving a sentence of one hundred and thirty-five months of incarceration. (Dkt. 117.) This sentence reflects the seriousness of Defendant's offense, promotes respect for the law and provides just punishment for Defendant's crime. Defendant was previously convicted for committing similar drug-related offenses in the District of Puerto Rico in 1997 (Case No. 96-00171-01) and in the Middle District of Florida in 1985 (Case No. 84-143-CR-T-17). (Pre-Sentence Rep't.) Thus, Defendant's sentence is also needed to protect the public from further crimes of Defendant.

Upon consideration, Defendant has not met his burden of establishing extraordinary and compelling reasons warranting compassionate release.

Accordingly, it is recommended that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 127) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on May 14, 2021.

```
_____
          JULIE S. SNEED
    UNITED STATES MAGISTRATE JUDGE
```

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Richard A. Lazzara
Counsel of Record